United States District Court
for the District of Columbia

Jane Doe
            Plaintiff
            v

United States Department of Justice;
Federal Bureau of Investigation;
Attorney General of The United States
                    in official Capacity
Director of the Federal Bureau of
Investigation, in official Capacity
                    Defendants

Case: 1:26-cv-00464
Assigned To : Unassigned
Assign. Date : 1/20/2026
Description: Pro Se Gen. Civil (F-DECK)

Verified Complaint for Declaratory And
                    injunctive relief

        And motion to Proceed under
                    Pseudonym

1. Introduction
    1. Plaintiff brings this action to challenge
the unlawful Closure and non-processing of
A Federal Civil Rights Complaint by
the Department of Justice (DOJ) and
the Federal Bureau of Investigation in
Violation of the Administrative Procedure
Act and, Defendants Nondiscretionary
Duties to properly recieve, Process, and
review Civil Rights Complaints

2. Plaintiff Does not Seek an order
Compelling prosecution. Plaintiff Seeks
lawful administrative reconsideration

creation of an administrative record, and protection against retaliation

3. Plaintiff proceeds under a pseudonym due to a credible risk of retaliation, involvement of 2 minor children, and the highly sensitive nature of the allegations.

II. Jurisdiction And Venue

4. This Court has jurisdiction under:
28 U.S.C 1331 federal question
5 U.S.C 701-706 (administrative Procedure Act
28 U.S.C. 1361 (mandamus)
28 U.S.C. 2201 (Declaratory Judgement Act

5. Venue is proper in the District of Columbia because Defendants are federal agencies and officials headquartered in this District

III. Parties
6. Plaintiff Jane Doe is a private citizen and parent of a minor child whose civil rights were allegedly violated under color of law

7. Defendant DOJ is the federal agency charged with civil rights complaints enforcement



8. Defendant F.B.I is responsible for intake and refferal of Cival Rights and public Corruption Complaints

9. Defendants Attorney General and FBI Director are Sued in their official Capacities only

IV. Motion To proceed under Pseudonym
(Incorporatio)

10. Plaintiff moves to proceed under A Pseudonym Pursuant to Federal rule of Cival Procedure 10 (A) and the Courts Inherent authority

11. This Case Involves
, allegations of retaliation by Government actors

unlawful Seizure and restraint of a minor Child

Special education records (Iep/Bip)

Threats and intimidation following protected reporting activity

12. plaintiff and her minor Children have already experienced retaliatory actions after reporting misconduct, including law enforcement involvement and legal intimidation

13. Disclosure of Plaintiff's identity would expose Plaintiff and Plaintiff's family to further retaliation and chill Plaintiff's First amendment right to petition

14. Defendant's will suffer no prejudice, as they are Government entities and Plaintiff will disclose identity under seal if ordered

15. Courts routinely permit Pseudonyms in Comparable Circumstances ! See In re Sealed Case, 931 F. 3D 92 (O.C. Cir 2019)

V. Factual Background
16. Plaintiff Submitted Detailed Civil Rights Complaint to the FBI and DOJ alleging

Deprivation of Rights under Color of law

unlawful Child removal

Falsification of Government records

retaliatory law enforcement action

Interference with access to courts

intimidation Via Government - retained Counsel

17. Plaintiff exhausted state/local remedies which were Conflicted or implicated, making DOJ the last available avenue for relief



18. Defendants closed plaintiff's Complaint without

Requesting Documentation
Conducting intake or Interview
referring the matter for Civil review
creating an administrative record
Providing a reasoned explanation

19. Plaintiff received only a Summary Closure, Depriving Plaintiff of meaningful administrative review

VI. Claims for relief
Count 1 - administrative Procedure Act
5 usc 706 (2) (A)

20. Defendants Closure of Plaintiff's Complaint was arbitrary, Capricious and Contrary to law

21. Defendants failed to follow mandatory Procedures Governing Civil Rights Complaint intake and review.

Count II - unlawful withholding of Agency Action 5 u.s.c. 706 (1)
22. Defendants unlawfully withheld required administrative action by failing to properly Process Plaintiff's Complaint

Count III. mandamus

28 U.S.C. 1361

23. Defendants owe Plaintiff a clear
nondiscretionary Duty to:
- receive, log, evaluate, Process Civil Rights
Complaints according to Governing Standards

24. Defendants failed to Perform these Duties

Count IV - Declaratory relief
28 U.S.C. 2201

25. Plaintiff seeks a Declaration that
Defendant's actions violated Federal law
and Administrative Standards

VII. Injunctive relief
Plaintiff respectfully requests that the
Court:
26. Declare Defendant's closure of Plaintiff's
Complaint unlawful;
27. enjoin Defendant's to reopen the Complaint
for administrative reconsideration
28. Require Defendants to:
Conduct Proper Intake
Create an administrative record
Provide a reasoned, non-retaliatory Decision

29. Prohibit retaliation against plaintiff for
Protected reporting activity

30. Grant leave for Plaintiff to Proceed upon

a Pseudonym, with Identity Disclosed only under Seal if Necessary

VIIII. Verification

I, Declare under Penalty of Perjury that the foregoing is true and Correct

Executed on January 15 2026

Jane Doe

806 N. 2nd Street                     254-499-8850
Copperas Cove Tp
76522